1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                           ----oo0oo----

11   GARY PALMER,
                                    NO. CIV. S-03-0740 WBS KJM
12           Plaintiff,

13       v.                          MEMORANDUM AND ORDER
                                    RE: MOTION FOR RELIEF
14                                  FROM JUDGMENT BASED ON
                                    CLERICAL ERROR OR, IN THE
15                                  ALTERNATIVE, FOR
                                    RECONSIDERATION
16

17   ATLANTIC RICHFIELD COMPANY;[1]
     BASRA ASSOCIATES, INC. dba
18   BASRA GAS & FOOD MARKET and
     DOES 1 through 10,
19
             Defendants.
20                           ----oo0oo----

21           On November 12, 2004, this court issued an order

22   granting defendants' motion for judgment on the pleadings on

23   _____

24       [1]     The parties have substituted "BP West Coast Products
     LLC" ("BPWCP") for "Atlantic Richfield Company" ("ARCO") in the
     captions on their pleadings.  This is not surprising because, in
25   the last round of litigation before this court, BPWCP argued that
     it had been erroneously sued as "ARCO."  BPWCP's counsel argued
26   on BPWCP's behalf in the last round of litigation without
     objection, and BPWCP has filed an opposition to this motion.  The
27   parties thus seem to have agreed that BPWCP is the proper
     defendant.  Nevertheless, the court maintains the original case
28   caption for purposes of consistency.

                               1

1  plaintiff's claim under the Americans With Disabilities Act, 42

2  U.S.C. § 12101 et seq., and dismissing plaintiff's remaining

3  state-law claims for lack of jurisdiction.  (See November 12,

4  2004 Order at 8).  Plaintiff now brings a motion for

5  clarification of that order under Federal Rule of Civil Procedure

6  60(a), or in the alternative, for reconsideration of that order

7  under Federal Rule of Civil Procedure 60(b)(1).

8  I.   Factual and Procedural Background

9         On or about April 7, 2004, plaintiff filed its first

10 amended complaint ("FAC") in this court against defendants for

11 violation of (1) the Americans With Disabilities Act, 42 U.S.C. §

12 12101 et seq. ("ADA"); (2) the Disabled Persons Act, California

13 Civil Code § 54 et seq., ("the DPA"); (3) the Unruh Civil Rights

14 Act, California Civil Code § 51 et seq., ("the Unruh Act"); (4)

15 California Health and Safety Code § 19955 et seq.; (5) the Unfair

16 Business Practices Act, California Business and Professions Code

17 § 17200 et seq.; and for (6) negligence per se.

18        Pursuant to Federal Rule of Civil Procedure 12(c),

19 defendant BP West Coast Products, LLC ("BPWCP") moved for

20 judgment on the pleadings on plaintiff's claims under the ADA.

21 Defendant Basra Associates, Inc. ("Basra") joined BPWCP's motion.

22        After reviewing the papers and hearing oral argument,

23 the court concluded that the parties agreed that res judicata,

24 based on an order approving a consent decree in another case,

25 barred plaintiff's ADA claim against BPWCP and Basra.  (Nov. 12,

26 2004 Order at 4).  In light of this fact, the court granted

27 defendants' motion for judgment on the pleadings on plaintiff's

28 ADA claim.  (Id. at 8).

1            Next, the court turned to plaintiff's "remaining"
2  state-law claims.  The court found that the parties also agreed
3  that the same consent decree referenced above limited plaintiff's
4  state-law claims to claims for money damages.  (Id. at 4).  The
5  court determined that it had neither federal question nor
6  diversity jurisdiction over plaintiff's "remaining" state-law
7  claims and declined to exercise supplemental jurisdiction over
8  those claims.  (Id. at 4, 7-8).  The court then dismissed
9  plaintiff's state-law claims for violation of the Disabled
10 Persons Act, Unruh Civil Rights Act, Unfair Business Practices
11 Act, and negligence per se pursuant to 28 U.S.C. § 1367(c)(3).
12 (Id. at 8).

13           Thereafter, plaintiff re-filed his state-law claims
14 against BPWCP and Basra in the Superior Court of California of
15 and for the County of Solano, Fairfield Branch on or about
16 December 3, 2004.  (See Pl.'s Mot., Ex. A (State Court Compl.)).
17 The complaint for his state lawsuit requested damages and
18 attorneys' fees under the DPA and the Unruh Act based, in part,
19 on BPWCP and Basra's violation of the ADA.  (Id. ¶¶ 2, 19-31).

20           On or about March 11, 2005, the defendants filed in
21 state court a motion to strike the portions of plaintiff's
22 complaint relating to damages, attorneys' fees, and any reference
23 to the ADA.  (See Nendel-Flores Decl., Ex. A (Pl.'s Opp'n to
24 Defs.' Mot. to Strike Portions of Pl.'s Compl. filed in the
25 Superior Court for the Count of Solano) at 6-8)(responding to
26 this argument).  Defendants' motion was based, in part, on the
27 supposition that plaintiff's claims were barred under res
28 judicata by this court's November 12, 2004 Order.  (See id.).

                                   3

1          The state court concluded that this court had
2  determined that all plaintiff's claims for violation of the ADA,
3  statutory minimum damages claims, and all state-law claims for
4  attorneys' fees were released by consent decree.  (See Nendel-
5  Flores Decl. ¶ 8, Ex. F (Proposed Order Signed by Superior Court
6  on May 20, 2005) at 1-3).  The state court then struck any
7  allegations in plaintiff's complaint referring to the ADA,
8  declaratory relief and attorneys' fees, any reference to "federal
9  law," and the phrase "all available relief under Civil Code
10 Section 52(a) or 54.3(a) of the Civil Code (but not both)
11 according to the proof."  (Id. at 2-3).

12          Thereafter, plaintiff brought this motion under Rule
13 60(a) seeking clarification as to whether this court's November
14 12, 2004 order was intended to adjudicate plaintiff's state-law
15 claims for attorneys' fees and damages - including those based on
16 a violation of the ADA.  If the court did intend to adjudicate
17 these claims, plaintiff requests that the court reconsider its
18 decision on the issue pursuant to Rule 60(b)(1).

19 II.  Discussion

20          Federal Rule of Civil Procedure 60(a) authorizes the
21 court to correct "[c]lerical mistakes in judgments [or] orders .
22 . . and errors therein arising from oversight or omission. . . at
23 any time of its own initiative or on the motion of any party. . .
24 ."  Fed. R. Civ. P. 60(a).  The Ninth Circuit has held that the
25 Rule grants a district court "very wide latitude" to correct a
26 judgment to make it reflect the court's "actual intentions" and
27 the "necessary implications" of its intentions where they are
28 unclear.  Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir.

4

1  1987).  The Rule does not authorize the court to make corrections

2  merely because it has changed its mind, made a legal or factual

3  mistake, or decided to exercise its discretion in a different way

4  since issuing a prior order.  Id.(citing United States v.

5  Griffin, 782 F.2d 1393, 1397 (7th Cir. 1986)).  However, where

6  there is confusion as to whether a district court intended to

7  dismiss state-law claims on the merits or to dismiss them only

8  for lack of jurisdiction, Rule 60(a) is an appropriate basis for

9  clarifying the court's original intent.  Big Bear Lodging Ass'n

10 v. Snow Summit, Inc., 182 F.3d 1096, 1105-06 (9th Cir. 1999).

11          "A Rule 60(a) motion is a direct attack rather than a

12 collateral attack and properly should be made in the case in

13 which the correction would be made," regardless of whether it

14 affects the interpretation of the subject order in another

15 proceeding.  See In re Bestway Prods., Inc. v. Willow Lane, Inc.,

16 151 B.R. 530, 541 (E.D. Cal. Bankr. 1993)(disregarding any

17 prejudice to party opposing Rule 60(a) motion that would arise in

18 adversary proceeding in which he sought declaratory judgment

19 regarding effect of subject order).  Such a direct attack on a

20 federal court judgment is not barred by res judicata.  See Watts

21 v. United States, 752 F.2d 406, 410 (9th Cir. 1985)("The doctrine

22 of res judicata does not apply to direct attacks on judgments.

23 Res judicata does not preclude a litigant from making a direct

24 attack [under Rule 60(b)] upon the judgment before the court

25 which rendered it.")(emphasis, internal quotations marks and

26 citation omitted; brackets in original).

27          The parties assume that this court intended to reach

28 the merits of his state-law claims for injunctive relief,

5

1 declaratory relief, and attorney's fees incident to such relief

2 in the court's November 12, 2004 order.  The parties also assume

3 that the court determined that plaintiff's "remaining" state

4 claims for money damages were not barred.  (See Pl.'s Am. Mot.

5 for Relief from J. Based on Clerical Error at 3, 5-6(arguing that

6 this court did not reach his state-law claims for money damages

7 but ignoring issue of whether court reached other state-law

8 claims); Def. Basra's Opp'n to Pl.'s Mot. for Relief from J.

9 Based on Clerical Error at 8(stating that this court determined

10 which of plaintiff's state-law claims were affected by a prior

11 consent decree); Def. BPWCP's Opp'n to Mot. for Relief from J. at

12 9(contending that only certain of Palmer's state-law claims

13 survived the November 12, 2004 Order)).  These assumptions are

14 both wrong.

15      As noted previously, the court determined in its

16 November 12, 2004 order that the parties agreed that res judicata

17 barred plaintiff's ADA claim.  (November 12, 2004 Order at 4).

18 Therefore, the court explicitly granted "defendants' motion for

19 judgment on the pleadings on plaintiff's ADA claim. . . ." (Id.

20 at 8).  In doing so, the court did not speak to the merits of

21 plaintiff's state-law claims.  The court also noted that the

22 parties agreed as to which of plaintiff's state-law claims

23 survived a consent decree in another case.  (See id. at 4).[2]

24

25      [2]   Specifically, the court noted that:

26      The parties also agree that under the Molski Consent
        Decree and order, plaintiff released claims for
27      injunctive relief, declaratory relief, and attorney's
        fees related to access at the Fairfield Station arising
28      under, inter alia, the Disabled Persons Act, Unruh

1  However, the court did not decide whether the parties'

2  understanding regarding the effect of the consent decree on

3  plaintiff's state-law claims was correct.  Instead, the court

4  explicitly "decline[d] to exercise supplemental jurisdiction over

5  plaintiff's state-law claims."  (November 12, 2004 Order at 8).

6          The court is aware, however, that plaintiff's state-law

7  claims under the DPA and the Unruh Act can be established by

8  demonstrating a violation of the ADA.  See Cal. Civ. Code § 51(f)

9  ("A violation of the right of any individual under the Americans

10 with Disabilities Act of 1990 . . . shall also constitute a

11 violation of this section [of the Unruh Act]."); Cal. Civ. Code §

12 54.1(7)(d)("A violation of the right of an individual under the

13 Americans with Disabilities Act of 1990 . . . also constitutes a

14 violation of this section [of the DPA]. . . .").  The court

15 presumes that these are what plaintiff refers to as "state-law

16 claims . . . based on the ADA."  (See Pl.'s Am. Mot. for Relief

17 from J. Based on Clerical Error at 2).  For the parties' benefit,

18 the court clarifies that its November 12, 2004 order did not

19 address whether any of plaintiff's state-law claims could be

20 established by demonstrating a violation of the ADA.

21         The court can see how some language in its November 12,

22 2004 order may have been misconstrued. Particularly, the court

23 wrote in that order that "[w]ith the dismissal of plaintiff's ADA

24

25         Civil Rights Act, California Health and Safety Code,
           and related common law.  However, the parties agree
26         that plaintiff's remaining state law claims for money
           damages are not barred.
27

28 (November 12, 2004 Order at 4)(internal citations omitted,
   emphasis added).

1  claim, the court must determine whether it has jurisdiction over

2  the <u>remaining</u> state claims."  (<u>Id.</u> at 4)(emphasis added).  This

3  reference to the <u>remaining</u> state claims could, on its face, be

4  interpreted in two different ways: (1) it could refer to the

5  state-law claims remaining after the dismissal of plaintiff's

6  federal ADA claim; or (2) it could refer to the state-law claims

7  which the parties agreed were still viable after a related

8  consent decree.  However, a comprehensive reading of the order

9  clarifies that the former interpretation is the one intended.

10          That the court was referring to all of plaintiff's

11  state-law claims remaining after the dismissal of plaintiff's

12  federal ADA claim is established by the fact that the court

13  included nothing in its order line regarding the merits of any of

14  plaintiff's state-law claims.[3]  Instead, the court determined

15  that it had only supplemental jurisdiction over plaintiff's state

16  claims and dismissed "plaintiff's <u>remaining</u> state-law claims"

17  after declining to exercise that jurisdiction "pursuant to 28

18  U.S.C. § 1367(c)(3)," the statutory provision that expressly

19  authorizes the court to decline to exercise supplemental

20

_____

21      [3]    The order line from the November 12, 2004 order reads,
    in full:

22

23          IT IS THEREFORE ORDERED that:

24          (1) defendants' motion for judgment on the pleadings on
    plaintiff's ADA claim be, and the same hereby is, GRANTED; and

25          (2) plaintiff's remaining state-law claims for
    violation of the Disabled Persons Act, Unruh Civil Rights Act,
26  and Unfair Business Practices Act, and negligence per se be, and
    the same hereby are, DISMISSED pursuant to 28 U.S.C. §
27  1367(c)(3).

28  (<u>See</u> November 12, 2004 Order at 8).

1  jurisdiction under certain circumstances.  (Id. at 7-8)(emphasis

2  added).  The only other facially valid interpretation of the

3  court's reference to plaintiff's remaining state-law claims would

4  lead to an absurd result.  One would have to read the court's

5  order to mean that the court were exercising supplemental

6  jurisdiction over some of plaintiff's state-law claims solely to

7  reach the merits of those claims, but selectively declining to

8  exercise supplemental jurisdiction over the rest of plaintiff's

9  state-law claims.  No such extraordinary procedural move is

10  suggested in the court's order line.  Nor can this court find any

11  authority establishing that such a procedural move is even

12  authorized by federal law.

13          Further, whatever effect this order may have on

14  plaintiff's ability to attack a related state court judgment is

15  of no concern to this court.  This motion was properly before the

16  court pursuant to Rule 60(a).  Had it been so inclined, the court

17  even had authority to invoke Rule 60(a) sua sponte.  Fed. R. Civ.

18  P. 60(a).  The state court judgment does not preclude this court

19  from exercising its rightful authority to address a direct attack

20  on its own judgment.  See In re Bestway Prods., Inc., 151 B.R. at

21  541; Watts, 752 F.2d at 410.

22          Plaintiff specifically conditioned his request for

23  reconsideration of the November 12, 2004 order on clarification

24  that the court originally intended to adjudicate his state-law

25  claims for damages and attorneys' fees.  Because the court never

26  intended to adjudicate any of plaintiff's state-law claims,

27  plaintiff's request for reconsideration is moot.

28          IT IS THEREFORE ORDERED that plaintiff's motion for

9

1 clarification be, and the same hereby is, GRANTED.  The court's

2 November 12, 2004 order was not meant to adjudicate the merits of

3 any of plaintiff's state-law claims - including those based on

4 the ADA.  Plaintiff's state-law claims were dismissed on purely

5 jurisdictional grounds pursuant to 28 U.S.C. § 1367(c)(3).

6       IT IS FURTHER ORDERED that plaintiff's motion for

7 reconsideration be, and the same hereby is, DENIED as moot.

8 DATED: July 6, 2005

9

10  

11 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28